UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARIO L. SIMS, *et al.*,           )
                                    )
        Plaintiff,                 )
                                    )
        v.                         )        CAUSE NO. 3:15-cv-263-MGG
                                    )
NEW PENN FINANCIAL LLC d/b/a        )
SHELLPOINT MORTGAGE SERVICING,     )
                                    )
        Defendant.                 )

**OPINION AND ORDER**

Before the Court are three discovery-related motions:  Plaintiffs' Motion to Compel

Defendant to Respond to Discovery [DE 48]; Defendant's Motion for Protective Order [DE 61];

and Plaintiffs' Motion to Stay Discovery [DE 62].  For the following reasons, the Court denies

Plaintiffs' motion to compel and Defendant's motion for protective order without prejudice.  In

addition, the Court extends the discovery deadline and denies Plaintiffs' motion to stay.

**I.      RELEVANT BACKGROUND**

This cases arises out of Plaintiffs' efforts to assume the mortgage loan of Defendant's

borrower, John Tiffany.  Plaintiffs purchased land on a land-sale contract from Tiffany who

stopped paying his mortgage payments to Defendant after executing the contract with Plaintiffs.

Plaintiffs attempted to assume the loan, but were not able to do so.  Plaintiffs, proceeding *pro se*,

initiated this lawsuit alleging violations of the Equal Credit Opportunity Act ("ECOA"), 15

U.S.C. § 1691 *et seq*.  Plaintiffs allege that Defendant made statements that discouraged them

from the credit application process and that Defendant discriminated against them based on race by imposing different terms and conditions on assumption.[1]

As part of their discovery related to the ECOA claim, Plaintiffs served Defendant with their First Requests for Production of Documents on February 28, 2017. On March 30, 2017, Defendant served responses and objections on Plaintiffs without including any of the requested documents. Through e-mail on the same day, however, Defendant informed Plaintiffs that the document production would be delivered shortly either by e-mail or on a CD via regular mail. Production of the documents did not occur immediately resulting in e-mails and telephone calls between Plaintiff, Mario Sims ("Mr. Sims"), and Defendant's counsel regarding the discovery requests. On April 6, 2017, Defendant's counsel produced the documents provided to him by Defendant. Finding the production incomplete, Mr. Sims exchanged additional emails with Defendant's counsel. Defendant's counsel sent the last e-mail in the exchange on April 11, 2017, indicating that he would consult with his client about additional documents and would supplement production as necessary as soon as possible. Still dissatisfied with Defendant's production and before any supplemental production was served, Plaintiffs filed the instant motion to compel on April 26, 2017. In their motion, Plaintiffs contend that Defendant's production was untimely and incomplete. Plaintiffs also asked the Court to award them reasonable expenses for the filing of the instant motion to compel.

Plaintiffs then stipulated to three extensions of Defendant's deadline to respond to the instant motion to compel, presumably to allow Defendant time to produce its supplemental responses. On June 2, 2017, Defendant filed its supplemental responses totaling about 1,000 pages of information. [DE 56]. Through an e-mail to Mr. Sims dated June 6, 2017, Defendant's

---

[1] Counts 1–8 of Plaintiffs' Third Amended Complaint were dismissed with prejudice by this Court on November 8, 2016. [DE 34]. Only Count 9 regarding violations of the ECOA remains before the Court.

counsel reported Defendant's willingness to produce additional information, such as certain confidential and proprietary documents namely its Fair Servicing Policy and its Subservicing Agreement, and reminded Mr. Sims about the proposed protective order sent to Plaintiffs for their approval about a week earlier. [DE 58-2 at 2]. Earlier in the same e-mail, Defendant's counsel wrote

> I write you to follow-up on your very brief telephone call to me early this morning. Unfortunately, I was not afforded any opportunity to respond to your general dissatisfaction with my discovery responses before you ended the call. I am happy to discuss any specific disputes you may have about my client's document production. As you know, Rule 37 requires parties to meet and confer about any discovery disputes. That did not occur. I find it most productive for parties to discuss specific issues in the case rather than resorting to disparaging remarks and angry demands. If you would like to have such a discussion, please give me a call at your convenience.

[*Id.*].

Later the same day, Mr. Sims responded via e-mail (1) accusing Defendant's counsel of patronizing him; (2) disputing Defendant's counsel's interpretation of the Rule 37 meet and confer requirement; (3) advocating for his legal position based on information found in Defendant's supplemental production; (4) advising Defendant's counsel to read Rule 11; and (5) reminding Defendant's counsel that his discovery responses were not complete. [*Id.*]. In his e-mail, Mr. Sims also stated: "I am not your [n-word], . . . ." and "We are not your [n-word]s." [*Id.*]. Mr. Sims then concluded:

> Neither Chief Judge Simon, nor Magistrate [Judge] Gotsch would be happy with this continuing dilatory behavior in light of the facts. We will no longer confer. I do not trust you. We believe we have met the requirements. You may want to counsel your client to take our last settlement offer. It will be off the table forever after 5 p.m. [sic] June 15th.

[*Id.*].

On June 15, 2017, Defendant timely filed its response opposing the instant motion to compel for four reasons.  First, Defendant argues that Plaintiffs' efforts to meet and confer before filing the motion to compel did not satisfy the Rule 37(a) requirements.  Second, Defendant argues that Plaintiffs' motion, and their correspondence with Defendant before filing the motion, did not explain their opposition to Defendant's discovery responses in sufficient detail.  Third, Defendant contends that its supplemental discovery responses on June 2, 2017, rendered the instant motion to compel moot.  And lastly, Defendant claims it acted in good faith to resolve the parties' discovery dispute such that sanctions in the form of costs related to the instant motion should not be awarded to Plaintiffs.

On June 20, 2017, Plaintiffs timely filed their reply brief, which included no evidence of any further efforts to resolve the discovery dispute with Defendant after its supplemental discovery responses were served, and properly filed, on June 2nd.[2]  In addition, Plaintiffs reiterated the arguments originally set forth in their motion to compel and stated that Defendant still had not produced documents responsive to their Request Nos. 12–26.  Furthermore, Plaintiffs cited documents produced by Defendant in support of arguments on the merits of their ECOA claim.  Plaintiffs also argued for sanctions against Defendant based on its alleged lies and gamesmanship in this litigation.

On June 30, 2017, Defendant properly filed and served its First Set of Discovery Requests Directed to Plaintiffs, which included interrogatories, requests for production of documents, and requests for admission.  Under Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), and 36(a)(3), Plaintiffs responses to Defendant's discovery requests were due on July 30, 2017.

---

[2] "All discovery material in cases involving a pro se party must be filed."  N.D. Ind. L.R. 26-2(a)(2)(A).  None of the parties' discovery requests were filed as required before June 2, 2017, when Defendant filed its supplemental responses to Plaintiff's Request for Production of Documents [DE 56].  The Court **ADVISES** the parties to comply with the Local Rules in their entirety going forward.

On July 12, 2017, Defendant then filed its Motion for Protective Order, without agreement from Plaintiffs, seeking to facilitate discovery while maintaining the confidentiality of certain materials containing proprietary information, trade secrets, financial data or other confidential or commercially sensitive information. To date, Plaintiffs have filed no response to Defendant's motion for protective order. Instead, Plaintiffs filed their Motion to Stay Discovery on July 27, 2017. Through their motion to stay, Plaintiffs ask the Court to stay all discovery—including their responses to Defendant's discovery requests served on June 2, 2017 and to Defendant's motion for protective order—until the Court rules on Plaintiff's pending and ripe motion to compel introduced above.

## II.   ANALYSIS

Fed. R. Civ. P. 26 (b)(1) permits discovery into

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

This Court has broad discretion when deciding whether to compel discovery and may deny or limit discovery to protect a party from oppression or undue burden. Fed. R. Civ. P. 26(c); *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998); *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495-96 (7th Cir. 1996). In ruling on a motion to compel, "a district court should independently determine the proper course of discovery based upon the arguments of the parties." *Gile*, 95 F.3d at 496.

Under Fed. R. Civ. P. 37(a)(1), a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to

make disclosure or discovery in an effort to obtain it without court action."  Local Rule 37-1(a) specifically requires that

> [a] party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action.  The certification must include:
>
> > (1)    the date, time, and place of any conference or attempted conference; and
> >
> > (2)    the names of the parties participating in the conference.

Written, telephonic, or email communication satisfies Rule 37(a)(1) as long as the parties personally engage in two-way dialogue and discuss meaningfully the discovery dispute "in a genuine effort to avoid judicial intervention." *Vukadinovich v. Hanover Cmty. Sch. Corp.*, 2:13-CV-144-PPS-PRC, 2014 WL 667830 (N.D. Ind. Feb. 20, 2014) (internal quotations omitted).

Here, the parties engaged in two-way dialogue via e-mail and telephone calls on multiple occasions in April 2017 before Plaintiffs filed their instant motion to compel.  Based on those communications, Plaintiffs could have waited to file the instant motion to compel based on Defendant's representations that supplemental responses were forthcoming.  With the motion pending, however, Plaintiffs did continue conferring with Defendant about the promised supplemental responses as evidenced by their stipulation to three extensions of Defendant's deadline to respond to the pending motion to compel.  Nevertheless, none of Plaintiffs' communications with Defendant specify which documents are missing from Defendant's production, why the missing documents are relevant, or why Defendant's initial objections based on privilege, relevance, and proportionality are insufficient.  With a limited understanding of Plaintiffs' concerns, Defendant still served and filed its supplemental responses on June 2, 2017.

Through his June 6, 2017, Mr. Sims engaged in one last e-mail exchange with Defendant's counsel and asserted Plaintiffs' objection to the supplemental responses as incomplete. That e-mail exchange was a two-way communication, but cannot be viewed as good faith dialogue for the purpose of resolving the parties' remaining discovery dispute. While Defendant demonstrated a willingness to produce more documents if a protective order were issued, Mr. Sims refused to agree to any such protective order, accused Defendant of dilatory and bad faith conduct, used racist terms, and explicitly asserted that "[Plaintiffs] will no longer confer" and "do not trust [Defendant's counsel]." [DE 58-2 at 2]. Moreover, Mr. Sims's e-mail still failed to specify the precise shortcomings of Defendant's discovery responses.

Mr. Sims's June 6, 2017, e-mail reveals many things, most of which need not be addressed here. As relevant here, the e-mail confirms that Plaintiffs ended negotiations with Defendant about the discovery dispute before addressing Defendant's concern about maintaining the confidentiality of documents Defendant agreed were relevant and was willing to produce once a protective order was issued. As such, Plaintiffs can only blame themselves for any delay in the production of these additional responsive documents, which would have likely resolved the discovery dispute at the heart of Plaintiffs' arguably premature motion to compel. Accordingly, the Court cannot grant Plaintiffs' motion to compel.

Furthermore, Plaintiffs' refusal to confer further with Defendant about the discovery dispute, in compliance with the letter and the spirit of Fed. R. Civ. P. 37(a)(1), forced Defendant to file the now pending motion for protective order, which is a procedural device designed to protect parties' legitimate interests in confidentiality of particular information. Indeed, the Court is open to issuing a protective order if Defendant demonstrates sufficient good cause as required under Fed. R. Civ. P. 26(c). *See also* Fed. R. Civ. P. 26(c)(1)(G). Without an independent

determination of good cause, the Court must not issue a protective order to prevent public disclosure of allegedly confidential information. Fed. R. Civ. P. 26(c); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). To do so would amount to an improper grant of *carte blanche* to the parties to seal or protect whatever they desire. *Citizens,* 178 F.3d at 944; *see also Pierson v. Indianapolis Power & Light Co.*, 205 F.R.D. 646, 647 (S.D. Ind. 2002) ("Independent and careful evaluations of protective orders are especially important because '[t]he judge is the primary representative of the public interest in the judicial process . . . .'") (quoting *Citizens,* 178 F.3d at 945).

When good cause exists, parties may "keep their trade secrets (or some other properly demarcated category of legitimately confidential information) out of the public record, provided the judge . . . satisfies himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets." *Citizens,* 178 F.3d at 946. However, proposed protective orders defining categories of confidential information only with qualifiers such as "private," "confidential," or "proprietary" fail to assure the court that the parties know what constitutes confidential information, "whether and under what circumstances it may be sealed, or whether the parties will be making good faith and accurate designations of information." *Pierson*, 205 F.R.D. at 647. Therefore, when reviewing a proposed protective order, a court must ensure that

> (1) the information sought to be protected falls within a legitimate category of confidential information, (2) the information or category sought to be protected is properly described or demarcated, (3) the parties know the defining elements of the applicable category of confidentiality and will act in good faith in deciding which information qualifies thereunder, and (4) the protective order explicitly allows any party and any interested member of the public to challenge the sealing of particular documents.

*Id.* (citing *Citizens,* 178 F.3d at 946).

Regardless of any objection Plaintiffs may later put forth in response to Defendant's motion for protective order, the Court cannot issue the protective order Defendant has proposed because it fails to satisfy the second and fourth prongs of the applicable *Citizens* standard.  First, Defendant's proposed protective order relies upon improper general qualifiers when it defines confidential information as "documents containing personal and corporate proprietary and/or financial data."  [DE 61-1 at 3, ¶ 6].  In addition, the proposed protective order, if issued, would essentially grant improper *carte blanche* to the parties to define additional categories of confidential information when it states:  "Additional documents may be later identified which shall also be considered Confidential Information and such records shall be given similar protections pursuant to this Protective Order as specifically designated by the Parties during the course of this litigation."  [*Id.*].  Second, Defendant's proposed protective order fails to explicitly allow an interested member of the public to challenge the sealing of any of the documents identified by the parties as confidential.  *See Pierson*, 205 F.R.D. at 647 (citing *Citizens*, 178 F.3d at 945–46); *see also Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir. 2000) ("The right to intervene to challenge a closure order is rooted in the public's well-established right of access to public proceedings.").

In the end, both parties have contributed to the delay in resolution of this discovery dispute.  Defendant has not explained with sufficient particularity why all the responsive documents were not provided to its counsel promptly for production to Plaintiffs within the original 30-day response period provided under Fed. R. Civ. P. 34.  More problematic, however, is Plaintiffs' failure to (1) confer meaningfully with Defendant regarding the proposed protective order, which could have resolved the discovery dispute; (2) identify with specificity the alleged shortcomings of Defendant's production; and (3) Plaintiffs' unsupported allegations of

sanctionable misconduct by Defendant and its counsel.  Taking into account the totality of the circumstances, the Court cannot grant Plaintiffs' motion to compel.  Moreover, the Court cannot grant Defendant's motion for protective order because its proposed protective order does not satisfy prongs two and four of the *Citizens* standard.

### III.   CONCLUSION

Recognizing that Defendant is willing to produce additional documents responsive to Plaintiffs' discovery requests, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' motion to compel [DE 48] to allow the parties time to stipulate to a proposed protective order that allows Defendant to supplement its production further.  The Court also **DENIES WITHOUT PREJUDICE** Defendant's motion for protective order [DE 61] due to shortcomings of its proposed protective order under the *Citizens* standard.  The Court **DECLINES** to award reasonable expenses under Fed. R. Civ. P. 37(a)(5) for either of these discovery motions.

However, the Court **ORDERS** the parties to meet and confer regarding a proposed protective order.  The parties may file a joint motion for protective order by **August 23, 2017**, with a stipulated proposed protective order that satisfies the requirements of *Citizens* discussed above.  Should the parties fail to reach agreement on a proposed protective order, Plaintiffs may file a renewed motion to compel and Defendants may separately file a renewed motion for protective order by **August 23, 2017**.  Responses to any such motions are due by **August 30, 2017**.  No reply briefs will be allowed.  The Court **ADVISES** that any further evidence of obdurate, contumacious, or vituperative conduct or language directed to either party or this Court will influence any decision this Court must make should this discovery dispute not be resolved by the parties themselves.

To facilitate the parties' resolution of this discovery dispute and responses to outstanding discovery requests, the Court now *sua sponte* **EXTENDS** the discovery deadline until **September 30, 2017**.  Furthermore, Plaintiffs have failed to show good cause to stay discovery despite this discovery dispute.  Moreover, the parties and the Court remain obligated to secure a "just, speedy, and inexpensive determination" of this action under Fed. R. Civ. P. 1.  Therefore, the Court **DENIES** Plaintiffs' motion to stay discovery.  [DE 62].  Plaintiffs' responses to Defendant's Discovery Requests filed on June 30, 2017 [DE 60] are due **August 23, 2017**.

**SO ORDERED**.

Dated this 2nd day of August 2017.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge